**Muadh Mohamed AKIL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76982.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Alan M. Kaufman, Esq., Kaufman & Kaufman, San Francisco, CA, for Petitioner.

David V. Bernal, Assistant Director, OIL, Russell J.E. Verby, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the

District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Muadh Mohamed Akil, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the agency's determination that Akil has not established an objective well-founded fear based on his political opinion as being adverse to the views of Islamic fundamentalists in Yemen because his fear is speculative and because the source of the future persecution is unknown. *See id.* at 1018; *see also Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005). Therefore Akil's asylum claim fails.

Because Akil failed to establish eligibility for asylum, he failed to show eligibility for withholding of removal. *See Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir. 2007) (per curiam).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the agency's determination that Akil failed to establish it is more likely than not that he would be tortured if he returned to Yemen. *See Zhang v. Ashcroft*, 388 F.3d 713, 721–22 (9th Cir.2004).

Because we address the merits of Akil's asylum claim, his due process contention regarding errors in the BIA's time bar finding is moot.

## PETITION FOR REVIEW DENIED.